Van Brunt, P. J.
It may not be at all necessary to add anything to what has been said by the learned referee in his opinion upon the decision of this case. It may, however, be proper to call attention to the decision of the court of appeals in the case of Cooke v. The State National Bank of Boston (52 N. Y., 96), in which the import of the certification of a check by a bank is distinctly defined. The court holds in that case that the import of the certification of a check by a bank is a statement that the bank holds sufficient funds of the drawer applicable to its payment, and an agreement that it will retain those funds and pay the check when presented.
At the time of the certification of the check in question, *494 the Goshen National Bank put this representation upon the check by its certification, and put the same into circulation. Bingham & Co., by giving Brown $5,000 for that check, relying upon this certification, became the holders for value of this piece of paper containing the representation, and the bank is estopped from now retracting the same to the detriment of Bingham & Co., who acted upon it. It was not necessary in order to confer title upon Bingham & Co., that this check should be indorsed. Freund v. The Importer’s and Trader’s Bank, 76 N. Y., 355.
The delivery by Brown with intent to pass the title to Bingham & Co., conferred such title upon them, and they having taken it upon the faith of the. representation made by the bank in respect to such check, and by which the bank intended to give such check currency and value, and which the bank intended should accompany such check, and having paid full value therefor, without the slightest notice or suspicion of any defense which the bank might have to such check in the hands of Brown, are protected from any such defense; and the bank will not now be heard to impeach their own representation to the detriment of Bingham & Co., who have in good faith parted with their money, relying upon it.
The judgment should be affirmed, with costs.
Brady and Daniels, JJ., concur.